# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0566, <u>Brian Chirichello & a. v. Town of Derry</u>, the court on October 5, 2015, issued the following order:**

Having considered the briefs of the parties and the record submitted on appeal, the court concludes that a formal written opinion is unnecessary in this case.  The respondent, the Town of Derry (Town), appeals an order of the Superior Court (<u>Anderson</u>, J.) granting the petition for declaratory and injunctive relief filed by the petitioners, Brian Chirichello, Jenna Paradise, and Neil Wetherbee, and issuing a writ of mandamus requiring the Town to schedule a special election on eight referendum petitions.  We affirm.

The relevant facts are as follows.  On May 19, 2015, the Town Council (Council) amended the Town's proposed budget by:  (1) eliminating several full-time positions at the Town's fire, police, executive, and public works departments; (2) reducing the amount of overtime approved for several departments; and (3) closing one of the Town's fire stations.  The amendments reduced the proposed budget by approximately $1.5 million.  The Council adopted the amended budget at its May 19 meeting.

On June 11, eight referendum petitions related to the budget were submitted to the Town Clerk.  Each petition targeted a specific item deleted from the budget by the Council's amendments.  For each item, the subject petition sought to repeal the Council's vote to reduce the expenditure by a specific amount and sought to reinstate that amount into the final budget.  The Town Clerk verified that each petition contained the number of signatures required by the Town's charter.  At the Council's July 28 meeting, it decided, by a 4-3 vote, that it would not repeal the challenged budget items and that it would not schedule a special election on the petitions.

The petitioners, signatories to the referendum petitions at issue, filed the instant action on August 14, seeking a writ of mandamus ordering the Council to schedule a special election on the petitions and a declaration that the Council had violated the Town's charter by refusing to schedule that election.  Subsequently, the petitioners requested an expedited hearing and a preliminary injunction that would order the Council to hold the special election.  Following a hearing, the trial court granted the petitioners' requested relief.

The trial court first concluded that the Town's charter allowed the referendum process to be used to challenge specific budgetary items.  In

reaching this conclusion, the court relied upon Section 10.8(I) of the charter, which defines a "referendum measure" as "[a] measure protested by referendum procedures under this Charter, including a specific item in the Town budget." The trial court noted that Section 10.8(I) also provides that a "referendum measure" excludes "items 1 through 7" in the charter's definition of an "initiative measure," and that item 3 in that definition is "The Town budget." The trial court reasoned that, pursuant to its plain language, the charter distinguishes between "a specific item in the Town budget" and "the Town budget" as a whole such that, when Section 10.8(I) is read in its entirety, it allows "the use of referendum petitions to challenge specific items in the Town budget, but . . . preclude[s] the use of referendum petitions to challenge the Town budget as a whole."

The trial court next rejected the Town's argument that, to the extent that Section 10.8(I) of the Town's charter allows the referendum petition process to be used to challenge specific budgetary items, it violates RSA chapter 49-D. The trial court concluded that RSA chapter 49-D does not apply to the Town's charter and that, even if it did apply, RSA chapter 49-D does not preclude use of the referendum petition process to challenge specific budgetary items.

In reaching the latter conclusion, the trial court relied upon RSA 49-D:3, I(e) (2012), which describes the "matters of local concern" that "may be included in a [town] charter including, but not limited to . . . citizen powers of initiative, referendum and recall as described in RSA [chapter] 49-C." RSA 49-C:33, I(a) (2012) allows charters to include provisions for "[r]eferendum procedures whereby voters may petition to suspend implementation of an ordinance, except budget adoption and land use regulation ordinances, enacted by the elected body, require a reconsideration by the body and, failing satisfactory reconsideration, require a referendum on approval." The trial court determined that RSA 49-C:33, I(a) "does not limit the subject matter of referendum petitions." Rather, it sets forth the remedies that may be sought by such petitions and provides that a petition related to "budget adoption" may not seek to suspend implementation of ordinances related to "budget adoption." RSA 49-C:33, I(a). Accordingly, the court concluded, RSA 49-C:33, I(a) allows "a town charter [to] provide referendum procedures to challenge budgetary items."

On appeal, the Town argues that the trial court erroneously: (1) interpreted the charter to allow the referendum process to be used to challenge specific budgetary items; (2) ruled that RSA chapter 49-D does not apply to the charter; and (3) determined that RSA chapter 49-D authorizes a form of government in which voters may, through the referendum process, challenge a portion of a town budget adopted by the town council. To the extent that the Town characterizes the trial court's decision as allowing the referendum process to be used to repeal, in its entirety, the Town budget as adopted by the Town Council, we disagree with that characterization.

As the appealing party, the Town has the burden of demonstrating reversible error. <u>Gallo v. Traina</u>, 166 N.H. 737, 740 (2014). Based upon our review of the trial court's well-reasoned order, the Town's challenges to it, the record submitted on appeal, and the relevant law, we conclude that the Town has not demonstrated reversible error. <u>See</u> <u>id</u>. Regardless of whether the trial court erroneously determined that RSA chapter 49-D does not apply to the Town's charter, the Town has failed to demonstrate that the trial court's alternative conclusion — that RSA chapter 49-D allows the use of the referendum process to challenge specific budgetary items — constitutes reversible error.

<u>Affirmed</u>.


Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.


**Eileen Fox,**
**Clerk**